UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BECHTOL,<br><br>                        Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation; and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation,<br><br>                        Defendants. | No.  C05-1243Z<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Discovery Relief and Sanctions, docket no. 83. The Court, having considered the briefs and supporting declarations in support of, and in opposition to, the motion, now ORDERS that the motion is GRANTED IN PART and DENIED IN PART, as outlined herein.[1]

<u>Sanctions</u>

Plaintiff Michael Bechtol moves for $50,000 in sanctions and other discovery relief based on numerous allegations of discovery abuse by Defendant Metropolitan Life Insurance Company ("Met Life"). Mr. Bechtol initially premises his request for sanctions upon FED.

---

[1] The Court FURTHER ORDERS that Defendant's request for fees, docket no. 97, at 11:4-7, is DENIED.

ORDER -1-

R. Civ. P. 30(b)(5), 33, 34 and 37.[2]  Pl.'s Mot., docket no. 83, at 9.  Of these rules, only Rule 37 authorizes an award of sanctions, and only if a party's alleged discovery-related misconduct is encompassed by the language of the rule.  See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992).  Mr. Bechtol's reply brief alternatively premises his request for sanctions on the Court's inherent authority to control discovery.  Pl.'s Reply, docket no. 102, at 1 (citing Unigard, 982 F.2d at 368; Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988)).  The Court's inherent power to sanction is arguably unavailable in the absence of a showing of bad faith, willfulness or fault by the offending party.  See Unigard, 982 F.2d at 368 n.2.  Accordingly, the Court evaluates the alleged discovery-related misconduct[3] to determine whether the Court has a basis for awarding sanctions or other relief pursuant to Rule 37, or whether the Court should invoke its inherent power to sanction.

Evasive Deposition Testimony by Ms. Fitzgerald

Mr. Bechtol argues that Met Life's Rule 30(b)(6) witness, Karin Fitzgerald, whom Met Life designated to testify regarding categories "a," "d" and "e" relating to the handling of Mr. Bechtol's claim,[4] provided evasive and incomplete answers during her deposition on April 6, 2006.  Having reviewed the excerpts of Ms. Fitzgerald's testimony upon which Mr. Bechtol bases his claim of discovery abuse, the Court concludes Ms. Fitzgerald was not as forthright as she could have been.  Sometimes, this was due to poorly phrased questions.  But more often, it appears that she was intentionally providing evasive or incomplete answers.

---

[2] Mr. Bechtol also relies on a Washington state case that does not provide this Court with authority to impose broad-based discovery sanctions.  See Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 336-37 (1993).

[3] Mr. Bechtol raises several issues that have already been resolved by the Court through other Orders and will not be reexamined.  See Protective Order (Claims Manual), docket no. 79; Order Granting in Part and Denying in Part Defendants' Motion to Quash, docket no. 100.

[4] See Smart Decl., docket no. 84, ¶ 2, Ex. 2 (Deposition Notice dated Feb. 9, 2006); Marisseau Decl., docket no. 98, ¶ 12, at 15 (Letter designating Rule 30(b)(6) witnesses).

ORDER  -2-

1  For example, Ms. Fitzgerald repeatedly refused to answer questions as to whether any person
2  had given her any training.  Fitzgerald Dep. at 21:7-22:14.  She also refused to provide
3  straightforward answers regarding her investigation into Mr. Bechtol's job duties.  See, e.g.,
4  Fitzgerald Dep. at 80:7- 81:10 (administrative duties); 81:11-83:14 (audits); 83:15-86:22
5  (reinsurance broker).  These are just a few examples of her evasive and incomplete
6  testimony.

7  Mr. Bechtol's attorney asserts in his declaration that "most of the time spent deposing
8  Ms. Fitzgerald was wasted," that "the depositions will have to be redone," and that "the cost
9  for both the past and future depositions should be borne by the defendant."  Smart Decl.,
10 docket no. 84, ¶¶ 8-9.  However, neither Mr. Bechtol's motion nor his reply brief argues that
11 Ms. Fitzgerald's deposition will have to be redone as a result of her evasive answers.  Thus,
12 the Court does not construe Mr. Bechtol's motion as a motion to compel pursuant to Rule
13 37(a)(3).  Instead, the Court invokes its inherent power to sanction Met Life for Ms.
14 Fitzgerald's willful refusal to provide straightforward and complete answers to the deposition
15 questions.  Accordingly, the Court ORDERS Met Life to pay Mr. Bechtol $2,500 within ten
16 days of the entry of this Order.

17  <u>Delay and Failure to Produce Documents Responsive to Rule 30(b)(6) Notice</u>

18  Mr. Bechtol argues that, other than the claims file and claims manual, Met Life failed
19 to produce documents responsive to the deposition notice at the Rule 30(b)(6) depositions
20 that took place on April 6 and 7, 2006.  Met Life does not contest that the claims file and
21 claims manual were the only documents produced at the depositions.  See Marisseau Decl.
22 ¶¶ 11-13.  Prior to the depositions, in a letter dated April 3, 2006, Mr. Bechtol's attorney
23 reminded Met Life of the "requirement to bring documents, especially for categories like f"
24 to the depositions.  Smart Decl., docket no. 84, Ex. 3.  Category "f" regards: "The
25 defendant's knowledge, understanding, or resources available for the purpose of researching
26 the nature and effect of Parkinson's Disease."  Id., Ex. 2.  At the depositions, Met Life

ORDER   -3-

1 produced no witness to testify or documents responsive to category "f." When Mr. Bechtol's
2 attorney asked Ms. Fitzgerald for documents responsive to the deposition notice, Met Life
3 took the position that Mr. Bechtol failed to attach a subpoena to the notice. Fitzgerald Dep.
4 at 35:12-20. This position is absurd. See FED. R. CIV. P. 30(b)(5); FED. R. CIV. P. 34. Met
5 Life now asserts that: "It was not until **after** the depositions were concluded that plaintiff's
6 counsel contended that Met Life was requested to produce at the deposition, every medical
7 treatise or research publication in Met Life's possession relating to Parkinson's disease."
8 Def.'s Resp., docket no. 97, at 5 (emphasis in original); Marisseau Decl. ¶ 3. Met Life later
9 agreed to produce the table of contents and cover page for documents responsive to category
10 "f." Marisseau Decl. ¶ 3, at 6 (letter dated April 18, 2006). Although it appears that these
11 category "f" documents have since been produced, the production should have taken place at
12 the Rule 30(b)(6) depositions. The Court invokes its inherent power to sanction Met Life for
13 the willful and unexcused delay in the production of documents responsive to category "f."
14 Accordingly, the Court ORDERS Met Life to pay Mr. Bechtol $2,000 within ten days of the
15 entry of this Order.

16 Mr. Bechtol also complains that Met Life has not produced past iterations of its
17 claims manual in response to category "g" and that Met Life has failed to produce any
18 documents or other explanation as to category "l." Pl.'s Reply at 4-5. Because Mr. Bechtol
19 first raised these specific allegations of incomplete discovery in his reply brief, the Court
20 denies Mr. Bechtol's request for sanctions based on this misconduct. However, to the extent
21 that Met Life has not produced documents responsive to categories "g" and "l," the Court
22 ORDERS Met Life to produce such responsive documents within ten days of the entry of
23 this Order.

24 <u>Delay in Producing Met Life Claims Manual</u>

25 Mr. Bechtol argues that Met Life improperly withheld from production its claims
26 manual until April 6, 2006, the day that Rule 30(b)(6) depositions commenced, despite Mr.

1  Bechtol's agreement to hold it in confidence.[5] Mr. Bechtol submits a letter dated April 3,

2  2006, as evidence demonstrating his agreement. Smart Decl., docket no. 84, Ex. 3. There is

3  no evidence that this letter was faxed or otherwise communicated to Met Life such that Met

4  Life should have received it prior to April 6, 2006. Accordingly, the Court DENIES Mr.

5  Bechtol any relief based upon this allegation of discovery abuse.

6       <u>Mr. Timpanaro's Designation as Rule 30(b)(6) Witness</u>

7       Mr. Bechtol argues that Met Life's Rule 30(b)(6) witness, Thomas Timpanaro, whom

8  Met Life designated to testify regarding categories "g" and "h" relating to claims handling

9  policies and procedures,[6] was not the correct designee. Mr. Bechtol requests that the Court

10 sanction Met Life for incorrectly designating Mr. Timpanaro as the person most

11 knowledgeable regarding categories "g" and "h." Pl.'s Reply at 5-6. The Court DENIES

12 Mr. Bechtol's request for sanctions based on this discovery abuse because Mr. Bechtol first

13 raised the issue in his reply brief, preventing Met Life an opportunity to respond.

14      IT IS SO ORDERED.

15      DATED this 30th day of June, 2006.

                                    _____
                                    Thomas S. Zilly
                                    United States District Judge

---

[5] On February 14, 2006, Met Life objected to the production of its claims manual based on its proprietary nature. See Birk Decl., docket no. 35, Ex. 6 at 2 (Answer to RFP No. 2). On March 27, 2006, Met Life moved for a protective order regarding the claims manual, docket no. 43.

[6] See Smart Decl., docket no. 84, ¶ 2, Ex. 2; Marisseau Decl., docket no. 98, ¶ 11, at 15.

ORDER   -5-